TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

CHARMAYNE G. STALOFF, Trial Attorney
Indian Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
Telephone: (202) 305-5628
Email: charmayne.staloff@usdoj.gov

*Attorney for the United States*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA,<br><br>       Plaintiff,<br><br>v.<br><br>BRYAN NEWLAND, in his official capacity as Assistant Secretary – Indian Affairs, U.S. Department of the Interior; and U.S. DEPARTMENT OF THE INTERIOR<br><br>       Defendants. | Case No. 3:23-cv-00007-SLG |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Bryan Newland, in his official capacity as Assistant Secretary–Indian

Affairs ("AS-IA"), and the United States Department of the Interior ("Interior"),

(collectively, "Defendants" or "United States"), state the following in response to

Plaintiff State of Alaska's ("Plaintiff") Complaint, filed on January 17, 2023. The United

States denies any and all allegations in Plaintiff's Complaint, whether express or implied, that are not expressly and specifically admitted, denied, or qualified herein, and the United States specifically denies any violation of law. Responses in the numbered paragraphs of this Answer correspond to the allegations in the corresponding numbered paragraphs and sections of the Complaint. The topic headings used below are duplicated from the Complaint and are inserted for ease of reference. Use of these topic headings below does not constitute an admission or acknowledgement by Defendants of the headings' relevance or accuracy.

## INTRODUCTION

1.     The allegations in the first sentence of Paragraph 1 consist of Plaintiff's characterization of its claim against Defendants' decision to acquire a parcel of land located in downtown Juneau ("Parcel") in trust and proclaim the Parcel a reservation for the Central Council of Tlingit and Haida Indian Tribes of Alaska ("Tribe"), to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the second sentence of Paragraph 1 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the second sentence of Paragraph 1 also consist of Plaintiff's characterization of the Alaska Native Claims Settlement Act ("ANCSA"), 43 U.S.C. §§ 1601-1629h, which speaks for itself and is the best evidence of its contents. To the extent that Plaintiff's characterization is inconsistent with ANCSA, Defendants deny the allegations.

2

*State of Alaska v. Newland et al.*                                                    Case No. 3:23-cv-00007-SLG
Defendants' Answer to Plaintiff's Complaint
Case 3:23-cv-00007-SLG     Document 5     Filed 04/03/23     Page 2 of 28

2.      The allegations in Paragraph 2 consist of Plaintiff's argument and legal conclusions, to which no response is required. The allegations in Paragraph 2 also consist of Plaintiff's characterizations of ANCSA, which speaks for itself and is the best evidence of its contents. To the extent that Plaintiff's characterizations are inconsistent with ANCSA, Defendants deny the allegations.

3.      The allegations in the first, second, and third sentences of Paragraph 3 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants aver that from 1980 to 2015, Interior's land acquisition regulations at 25 C.F.R. Part 151 ("Part 151") effectively prohibited the Secretary of the Interior ("Secretary") from acquiring land in trust in Alaska except for the Metlakatla Indian Community. Defendants aver further that the Part 151 regulations were amended in 2015 to make clear that no such prohibition applies in Alaska and that in 2017 the Secretary issued a decision to acquire land in trust for the Craig Tribal Association consistent with the regulations. The allegations in the fourth sentence of Paragraph 3 are vague and ambiguous such that Defendants lack sufficient information or knowledge to formulate a response and deny the allegations on that basis. Defendants deny the allegations in the fifth sentence and aver that the Solicitor for the Department of the Interior ("Solicitor") has issued two Memorandum Opinions ("M-Opinion") confirming the Secretary's authority to acquire land into trust for Alaska Natives and Alaska Tribes: Hilary C. Tompkins, Solicitor Opinion M-37043, *Authority to Acquire Land into Trust in Alaska* (Jan. 13, 2017)

("Tompkins Opinion") and Robert T. Anderson, Solicitor Opinion M-37076, *The Secretary's Land into Trust Authority for Alaska Natives and Alaska Tribes* (Nov. 16, 2022) ("Anderson Opinion"). The Tompkins Opinion and the Anderson Opinion were separated by Daniel H. Jorjani, Solicitor Opinion M-37064, *Permanent Withdrawal of Solicitor Opinion M-37043, 'Authority to Acquire Land into Trust in Alaska'* (Jan. 19, 2021) ("Jorjani Opinion") which raised concerns over the Secretary's authority. Defendants aver that the Jorjani Opinion did not opine on whether the Secretary's authority remained intact but instead urged further legal analysis prior to moving forward with trust acquisitions in Alaska; Defendants further aver that the concerns set forth in the Jorjani Opinion were addressed in the Anderson Opinion.

4.     The allegations in Paragraph 4 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants aver that Congress's enactment of the Indian Reorganization Act ("IRA"), 25 U.S.C. §§ 5101-5129, and the Alaska Indian Reorganization Act ("AIRA"), 49 Stat. 1250 (May 1, 1936), support Interior's 2022 decision to acquire land in trust for the Tribe.

5.     The allegations in Paragraph 5 consist of Plaintiff's characterizations of this action, its own pleadings, and the relief sought, to which no response is required. To the extent a response is required, Defendants deny the allegations.

## JURISDICTION AND VENUE

6.      The allegations in the first sentence of Paragraph 6 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the second and third sentence of Paragraph 6 consist of Plaintiff's characterizations of this action and its own pleadings, to which no response is required. To the extent a response is required, Defendants deny the allegations.

7.      The allegations in Paragraph 7 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

8.      The allegations in Paragraph 8 consist of Plaintiff's characterizations of this action and its own pleadings, to which no response is required. To the extent a response is required, Defendants deny the allegations.

9.      The allegations in Paragraph 9 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

10.     The allegations in Paragraph 10 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants admit that venue is proper in the District of Alaska.

*State of Alaska v. Newland et al.*                                    Case No. 3:23-cv-00007-SLG
Defendants' Answer to Plaintiff's Complaint
Case 3:23-cv-00007-SLG    Document 5    Filed 04/03/23    Page 5 of 28

## PARTIES

11. The allegations in Paragraph 11 consist of Plaintiff's characterization of its status as a state as well as argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

12. Defendants admit the allegation in the first sentence of Paragraph 12 that Bryan Newland is the Assistant Secretary – Indian Affairs ("AS-IA") within the U.S. Department of the Interior. The remaining allegations in the first sentence of Paragraph 12 consist of Plaintiff's characterization of its own pleadings, to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants admit the allegations in the second sentence of Paragraph 12 and aver that the AS-IA has been delegated by the Secretary the responsibility to administer the acquisition of land in trust for federally recognized Indian tribes and to issue reservation proclamations for federally recognized Indian tribes under the IRA, the AIRA, and Interior's Part 151 regulations.

13. Defendants admit the allegations in Paragraph 13.

## STANDING

14. The allegations in Paragraph 14 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in Paragraph 14 also consist of Plaintiff's characterizations of *Akiachak Native Community v. U.S. Department of the Interior*, 584 F. Supp. 2d 1 (D.D.C. 2008) ("*Akiachak*") and *Confederated Tribes of*

6

*Chehalis Indian Reservation. v. Lujan*, 928 F.2d 1496 (9th Cir. 1991). To the extent that

Plaintiff's characterizations are inconsistent with *Akiachak* or *Confederated Tribes of*

*Chehalis Indian Reservation*, Defendants deny the allegations.

15.     The allegations in the first sentence of Paragraph 15 consist of Plaintiff's

argument, legal conclusions, and characterizations of its interest in ANCSA, to which no

response is required. To the extent a response is required, Defendants deny the

allegations. The allegations in the second and third sentences of Paragraph 15 consist of

Plaintiff's characterizations of ANCSA and the Alaska Statehood Act, Pub. L. No. 85-

508, 72 Stat. 339 (1958), which speak for themselves and are the best evidence of their

contents. To the extent that Plaintiff's characterizations are inconsistent with ANCSA or

the Alaska Statehood Act, Defendants deny the allegations.

16.     The allegations in Paragraph 16 consist of Plaintiff's argument and legal

conclusions, to which no response is required. To the extent a response is required,

Defendants deny the allegations. Defendants aver that Plaintiff did not challenge the

Secretary's January 10, 2017, decision to acquire land in trust for the Craig Tribal

Association.

17.     The allegations in the first and third sentences of Paragraph 17 consist of

Plaintiff's argument and legal conclusions, to which no response is required. To the

extent a response is required, Defendants deny the allegations. The first and third

sentences of Paragraph 17 also consist of Plaintiff's characterizations of ANCSA and the

Anderson Opinion, which speak for themselves and are the best evidence of their

*State of Alaska v. Newland et al.*                                        Case No. 3:23-cv-00007-SLG
Defendants' Answer to Plaintiff's Complaint
Case 3:23-cv-00007-SLG   Document 5   Filed 04/03/23   Page 7 of 28

contents. To the extent that Plaintiff's characterizations are inconsistent with ANCSA or the Anderson Opinion, Defendants deny the allegations. Defendants admit the allegations in the second sentence of Paragraph 17.

## LEGAL AND FACTUAL BACKGROUND

### I.  Historical Background

18.     The allegations in the first sentence of Paragraph 18 consist of Plaintiff's subjective and unsupported characterizations of certain aspects of Alaska's history, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the second sentence of Paragraph 18 consist of Plaintiff's characterization of Robert D. Arnold, *Alaska Native Land Claims* (1975) ("Arnold"), which speaks for itself and is the best evidence of its contents. To the extent that Plaintiff's characterizations are inconsistent with Arnold, Defendants deny the allegations. Defendants admit the allegations in the third sentence of Paragraph 18.

19.     The allegations in Paragraph 19 consist of Plaintiff's subjective characterizations of certain aspects of United States history, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the fourth sentence of Paragraph 19 consist of Plaintiff's characterization of *United States v. Kagama*, 118 U.S. 375 (1886); Arnold; and Felix S. Cohen, *Handbook of Federal Indian Law* (1982 ed.) ("Cohen 1982"), which speak for themselves and are the best evidence of their contents. To the extent that Plaintiff's characterizations are inconsistent with *Kagama*, Arnold, or Cohen 1982, Defendants deny the allegations.

*State of Alaska v. Newland et al.*                                    Case No. 3:23-cv-00007-SLG
Defendants' Answer to Plaintiff's Complaint
Case 3:23-cv-00007-SLG    Document 5    Filed 04/03/23    Page 8 of 28

20.     The allegations in Paragraph 20 consist of Plaintiff's argument, legal

conclusions, and subjective characterizations of Alaska history, to which no response is

required. To the extent a response is required, Defendants deny the allegations. The

allegations in Paragraph 20 also consist of Plaintiff's characterizations of Cohen 1982;

*Metlakatla Indian Community, v. Egan*, 369 U.S. 45 (1962) ("*Metlakatla Indian

Community*"); and *United States v. Atlantic Richfield Co.*, 435 F. Supp. 1009, 1015

(D. Alaska 1977), *aff'd*, 612 F.2d 1132 (9th Cir. 1980), *cert. denied sub nom. Inupiat

Community of Arctic Slope v. Atlantic Richfield Co.*, 449 U.S. 888 (1980) ("*Atlantic

Richfield Co.*"), which speak for themselves and are the best evidence of their contents.

To the extent that Plaintiff's characterizations are inconsistent with Cohen 1982,

*Metlakatla Indian Community*, or *Atlantic Richfield Co.*, Defendants deny the allegations.

Defendants aver that prior to ANCSA, a total of seven reservations were created under

the IRA. *See Akiachak Native Cmty. v. U.S. Dep't of Interior*, 827 F.3d 100, 102 (D.C.

Cir. 2016); *see also Cohen's Handbook of Federal Indian Law* § 4.07[3][b][iii] (Nell

Jessup Newton ed., 2012) ("Cohen 2012"); and David Case & David Voluck, *Alaska

Natives and American Laws* 106 n.142 (3d ed. 2012).[1] Defendants aver further that

within five years of ANCSA's enactment, Arctic Village and the Native Village of

Venetie petitioned the Department to take their former reservation, title to which they had

received in fee pursuant to ANCSA section 19(b), into trust. Memorandum from Thomas

---

[1] Case & Voluck lists a total of six reservations created under the IRA but does not
include the Hydaburg Reserve.

W. Fredericks, Associate Solicitor for Indian Affairs, to Forrest Gerard, Assistant Secretary – Indian Affairs, *Trust Land for the Natives of Venetie and Arctic Village* (Sept. 15, 1978) ("Fredericks Opinion").

21.    The allegations in the first and second sentences of Paragraph 21 consist of Plaintiff's characterizations of the Act of March 3, 1891, 26 Stat. 1101 ("1891 Act") and *Metlakatla Indian Community*, which speak for themselves and are the best evidence of their contents. To the extent that Plaintiff's characterizations are inconsistent with the 1891 Act or *Metlakatla Indian Community*, Defendants deny the allegations. The allegations in the third sentence of Paragraph 21 consist of Plaintiff's characterization of Cohen 2012 and Federal Field Committee for Development Planning in Alaska, *Alaska Natives and the Land* 443-46 (1968), which speak for themselves and are the best evidence of their contents. To the extent that Plaintiff's characterizations are inconsistent with Cohen 2012 or *Alaska Natives and the Land*, Defendants deny the allegations. Defendants aver that the Annette Island Reserve (Metlakatla) was established by the 1891 Act and that approximately 150 additional executive order reserves were established prior to the enactment of the AIRA in 1936. Following passage of the AIRA, the Secretary established seven reservations in Alaska. Cohen 2012 § 4.07[3][b][iii]. Defendants aver further that "ANCSA left untouched the Secretary's authority to create reservations in Alaska pursuant to the IRA." *Id*.

22.    The allegations in the first sentence of Paragraph 22 consist of Plaintiff's argument and legal conclusions regarding which civil and criminal laws Alaska Natives

are subject to, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the first sentence of Paragraph 22 also consist of Plaintiff's characterizations of *Native Village of Stevens v. Alaska Management & Planning*, 757 P.2d 32, 35 (Alaska 1988) ("*Native Village of Stevens*"); *United States v. Sitarangok*, 4 Alaska 667 (D. Alaska 1913); and *United States v. Doo-Noch-Keen*, 2 Alaska 624 (D. Alaska 1905), which speak for themselves and are the best evidence of their contents. To the extent that Plaintiff's characterizations are inconsistent with any of those decisions, Defendants deny the allegations. Defendants aver that Alaska is one of the states with delegated jurisdiction over most criminal and many civil matters under Public Law 280 ("P.L. 280"); however, P.L. 280 does not extinguish tribal self-government, including for those tribes that have never occupied a reservation. *Bryan v. Itasca Cnty.*, 426 U.S. 373, 388-89 (1976); *John v. Baker*, 982 P.2d 738, 753 (Alaska 1999). The allegations in the second sentence of Paragraph 22 consist of Plaintiff's legal conclusions regarding the application of civil and criminal jurisdiction on reservations in Alaska and in the contiguous United States, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the second sentence of Paragraph 22 also consist of Plaintiff's characterizations of *Metlakatla Indian Community* and Cohen 1982, which speak for themselves and are the best evidence of their contents. To the extent that Plaintiff's characterizations are inconsistent with *Metlakatla Indian Community* or Cohen 1982, Defendants deny the allegations. The third sentence of Paragraph 22 consists of

*State of Alaska v. Newland et al.*                                    Case No. 3:23-cv-00007-SLG
Defendants' Answer to Plaintiff's Complaint
Case 3:23-cv-00007-SLG   Document 5   Filed 04/03/23   Page 11 of 28

Plaintiff's argument and legal conclusions, to which no response is required. Defendants deny that there is no "Indian Country" within Alaska. The third sentence of Paragraph 22 also consists of Plaintiff's characterizations of David Case & David Voluck, *Alaska Natives and American Laws* 66-67 (2d ed. 2002) ("Case & Voluck"), which speaks for itself and is the best evidence of its contents. To the extent that Plaintiff's characterizations are inconsistent with Case & Voluck, Defendants deny the allegations.

23.     The allegations in the first and second sentences of Paragraph 23 consist of Plaintiff's argument, legal conclusions, and subjective characterizations regarding the exercise of civil and criminal jurisdiction over Alaska Natives, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the first and second sentences of Paragraph 23 also consist of Plaintiff's characterizations of *Kie v. United States*, 27 F. 351, 353 (D. Or. 1886); *United States v. Booth*, 161 F. Supp. 269 (D. Alaska 1958); *In re Sah Quah*, 31 F. 327 (D. Alaska 1886); *United States v. Seveloff*, 27 F. Cas. 1021 (D. Or. 1872); and *Metlakatla Indian Community*, which speak for themselves and are the best evidence of their contents. To the extent that Plaintiff's characterizations are inconsistent with any of those decisions, Defendants deny the allegations. The allegations in the third sentence of Paragraph 23 consist of Plaintiff's argument, legal conclusions, and subjective characterizations of Alaska history, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the third sentence of Paragraph 23 also consist of Plaintiff's characterizations of DOI, *Opinion Regarding Legal Status of*

*Alaska Natives*, 19 Pub. Lands Dec. 323, 325 (1894), which speaks for itself and is the best evidence of its contents. To the extent that Plaintiff's characterizations are inconsistent with the 1894 opinion, Defendants deny the allegations.

## II.     The Indian Reorganization Act

24.     The allegations in the first sentence of Paragraph 24 consist of Plaintiff's characterizations of the IRA and *Morton v. Mancari*, 417 U.S. 535 (1974), which speak for themselves and are the best evidence of their contents. To the extent that Plaintiff's characterizations are inconsistent with the IRA or *Mancari*, Defendants deny the allegations. The allegations in the second and third sentences of Paragraph 24 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. The second and third sentences of Paragraph 24 also consist of Plaintiff's characterizations of S. Rep. No. 73-1080 (1934), *Sturgeon v. Frost*, 577 U.S. 424 (2016) ("*Sturgeon I*") and *Yellen v. Confederated Tribes of the Chehalis Reservation*, 141 S. Ct. 2434, 2438 (2021), which speak for themselves and are the best evidence of their contents. To the extent that Plaintiff's characterizations are inconsistent with the Senate Report, *Sturgeon I*, or *Yellen*, Defendants deny the allegations. Defendants admit the allegations in the fourth sentence of Paragraph 24. The allegations in the fifth sentence of Paragraph 24 consist of Plaintiff's characterization of the IRA, which speaks for itself and is the best evidence of its contents. To the extent that Plaintiff's characterizations are inconsistent with the IRA, Defendants deny the allegations.

13

25.     The allegations in the first and second sentences of Paragraph 25 consist of Plaintiff's characterization of the IRA, which speaks for itself and is the best evidence of its contents. To the extent that Plaintiff's characterizations are inconsistent with the IRA, Defendants deny the allegations. The allegations in the third sentence of Paragraph 25 consist of Plaintiff's argument and legal conclusions regarding the meaning of the terms "Eskimo" and "Indian" in the IRA, to which no response is required. To the extent a response is required, Defendants deny the allegations. The third sentence of Paragraph 25 also consists of Plaintiff's characterizations of 78 Cong. Rec. 1183 (1934) and the IRA, which speak for themselves and are the best evidence of their contents. To the extent that Plaintiff's characterizations are inconsistent 78 Cong. Rec. 1183 (1934) or the IRA, Defendants deny the allegations. The allegations in the fourth and fifth sentences of Paragraph 25 consist of Plaintiff's characterization of *Carcieri v. Salazar*, 555 U.S. 379 (2009) ("*Carcieri*") and the IRA, which speak for themselves and are the best evidence of their contents. To the extent that Plaintiff's characterizations are inconsistent with *Carcieri* or the IRA, Defendants deny the allegations.

26.     The allegations in Paragraph 26 consist of Plaintiff's argument, legal conclusions, and subjective characterizations regarding the application and early implementation of the IRA in Alaska, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in Paragraph 26 also consist of Plaintiff's characterizations of S. Rep. No. 74-1831 (1936), which speaks

14

for itself and is the best evidence of its contents. To the extent that Plaintiff's characterizations are inconsistent with that report, Defendants deny the allegations.

27. The allegations in the first sentence of Paragraph 27 consist of Plaintiff's argument, legal conclusions, and subjective characterizations regarding Congress's intent when enacting the AIRA, to which no response is required. To the extent a response is required, Defendants deny the allegations. The remaining allegations in Paragraph 27 consist of Plaintiff's characterizations of the AIRA, which speaks for itself and is the best evidence of its contents. To the extent that Plaintiff's characterizations are inconsistent with the AIRA, Defendants deny the allegations.

28. Federal Defendants admit the first sentence of Paragraph 28 to the extent that it states that 25 U.S.C. § 5108 provides the Secretary with general authority to take land in trust for Indians. Defendants further aver that other statutory provisions provide the Secretary with authority to take land in trust in specific contexts. The allegations in the second and third sentences of Paragraph 28 consist of Plaintiff's characterizations of 25 U.S.C. § 5108, which speaks for itself and is the best evidence of its contents. To the extent that Plaintiff's characterizations are inconsistent with § 5108, Defendants deny the allegations.

29. The allegations in the first sentence of Paragraph 29 consist of Plaintiff's subjective characterizations regarding the implementation of the AIRA in Alaska, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the first sentence of Paragraph 29 also consist of

*State of Alaska v. Newland et al.*                                      Case No. 3:23-cv-00007-SLG
Defendants' Answer to Plaintiff's Complaint
Case 3:23-cv-00007-SLG   Document 5   Filed 04/03/23   Page 15 of 28

characterizations of S. Rpt. No. 92-405, which speaks for itself and is the best evidence of its contents. To the extent that Plaintiff's characterizations are inconsistent with that report, Defendants deny the allegations. Defendants aver that the Secretary created seven IRA reserves pursuant to the AIRA, § 2 prior to the enactment of ANCSA. The allegations in the second sentence of Paragraph 29 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

30. The allegations in the first sentence of Paragraph 30 consist of Plaintiff's characterizations of Thomas Sansonetti, Solicitor Opinion M-36975, *Governmental Jurisdiction of Alaska Native Villages Over Land and Nonmembers* (1993) ("Sansonetti Opinion"), which speaks for itself and is the best evidence of its contents. To the extent that Plaintiff's characterizations are inconsistent with the Sansonetti Opinion, Defendants deny the allegations. Defendants aver that the lands taken into trust for the Organized Village of Kake, the Angoon Community Association, and the Klawock Cooperative Association were taken into trust pursuant to AIRA, § 1. The allegations in the remainder of Paragraph 30 consist of Plaintiff's characterizations of Case & Voluck and Robert E. Price, *The Great Father in Alaska* (1990) ("Price"), which speak for themselves and are the best evidence of their contents. To the extent that Plaintiff's characterizations are inconsistent with Case & Voluck or Price, Defendants deny the allegations. The allegations in the remainder of Paragraph 30 also consist of Plaintiff's argument and legal

conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

### III. The Alaska Native Claims Settlement Act

31. The allegations in the first sentence of Paragraph 31 consist of Plaintiff's characterizations of the Alaska Statehood Act, which speaks for itself and is the best evidence of its contents. To the extent that Plaintiff's characterizations are inconsistent with the Alaska Statehood Act, Defendants deny the allegations. The allegations in the second sentence of Paragraph 31 consist of Plaintiff's characterizations of *Sturgeon v. Frost*, 139 S. Ct. 1066, 1074 (2019) ("*Sturgeon II*") which speaks for itself and is the best evidence of its contents. To the extent that Plaintiff's characterizations are inconsistent with *Sturgeon II*, Defendants deny the allegations.

32. The allegations in Paragraph 32 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in Paragraph 32 also consist of Plaintiff's characterizations of *Atlantic Richfield Co.*, 435 F. Supp. at 1016-18, which speaks for itself and is the best evidence of its contents. To the extent that Plaintiff's characterizations are inconsistent with *Atlantic Richfield Co.*, Defendants deny the allegations.

33. The allegations in Paragraph 33 are vague and ambiguous such that Defendants lack sufficient information or knowledge to formulate a response and deny the allegations on that basis.

34.     The allegations in Paragraph 34 consist of Plaintiff's argument, legal conclusions, and subjective characterizations of the views of Alaska Natives preceding the enactment of ANCSA, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in Paragraph 34 also consist of Plaintiff's characterizations of *Alaska Native Land Claims: Hearings on S. 2906 Before the Senate Committee on Interior and Insular Affairs*, 90th Cong., 2d Sess. 89 (1968) and *Alaska Native Land Claims: Hearings on H.R. 13142 and H.R. 10193 Before the Subcommittee on Indian Affairs of the House Comm. on Interior and Insular Affairs*, 91st Cong., 1st Sess. 181 (1969), which speak for themselves and are the best evidence of their contents. To the extent that Plaintiff's characterizations are inconsistent with either report, Defendants deny the allegations.

35.     The allegations in Paragraph 35 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in Paragraph 35 also consist of Plaintiff's characterizations of ANCSA's legislative history and S. Rep. No. 92-405, at 108-109 (1971), which speak for themselves and are the best evidence of their contents. To the extent that Plaintiff's characterizations are inconsistent with ANCSA's legislative history or the report, Defendants deny the allegations.

36.     The allegations in Paragraph 36 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

37.     Defendants admit the allegations in the first sentence of Paragraph 37. The allegations in the second sentence of Paragraph 37 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. The second sentence of Paragraph 37 also consists of Plaintiff's characterizations of *Alaska v. Native Village of Venetie Tribal Government,* 522 U.S. 520 (1998), which speaks for itself and is the best evidence of its contents. To the extent that Plaintiff's characterizations are inconsistent with *Native Village of Venetie Tribal Government*, Defendants deny the allegations. The allegations in the third sentence consist of Plaintiff's characterization of ANCSA, as well as *Sturgeon II*, which speak for themselves and are the best evidence of their contents. To the extent that Plaintiff's characterizations are inconsistent with ANCSA or *Sturgeon II*, Defendants deny the allegations. The remaining allegations in Paragraph 37 consist of Plaintiff's characterization of ANCSA, which speaks for itself and is the best evidence of its contents. To the extent that Plaintiff's characterizations are inconsistent with ANCSA, Defendants deny the allegations. The allegations in the eighth sentence of Paragraph 37 also consist of Plaintiff's argument, legal conclusions, and subjective characterizations regarding the intent of ANCSA, to which no response is required. To the extent a response is required, Defendants deny the allegations.

38.     The allegations in Paragraph 38 consist of Plaintiff's characterization of ANCSA, which speaks for itself and is the best evidence of its contents. To the extent

*State of Alaska v. Newland et al.*                                    Case No. 3:23-cv-00007-SLG
Defendants' Answer to Plaintiff's Complaint
Case 3:23-cv-00007-SLG   Document 5   Filed 04/03/23   Page 19 of 28

that Plaintiff's characterizations are inconsistent with ANCSA, Defendants deny the allegations.

## IV. Post-ANCSA, 1971-2017

39. Defendants admit the allegations in the first sentence of Paragraph 39. The remaining allegations in Paragraph 39 consist of Plaintiff's characterization of the Federal Land Policy and Management Act ("FLPMA"), Pub. L. No. 94-579, 90 Stat. 2743 (1976), *codified as amended at* 43 U.S.C. §§ 1701-1787, which speaks for itself and is the best evidence of its contents. To the extent that Plaintiff's characterizations are inconsistent with FLPMA, Defendants deny the allegations.

40. The allegations in the first sentence of Paragraph 40 consist of Plaintiff's argument, legal conclusions, and subjective characterizations of Alaska history, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the second and third sentences of Paragraph 40 consist of Plaintiff's argument and legal conclusions, as well as characterizations of the Fredericks Opinion, to which no response is required. To the extent a response is required, Defendants deny the allegations. Federal Defendants aver that the Fredericks Opinion concluded that the Secretary's IRA Section 5 authority was not repealed by subsequent legislation, including ANCSA. The allegations in the fourth sentence of Paragraph 40 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the fourth sentence of Paragraph 40 also consist of Plaintiff's characterizations of

Interior's land-into-trust regulations promulgated in 1980, Final Rule, Land Acquisitions, 45 Fed. Reg. 62034 (Sept. 18, 1980), which speaks for itself and is the best evidence of its contents. To the extent that Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

41a.[2]   The allegations in the first sentence of Paragraph 41[a] consist of Plaintiff's argument and legal conclusions regarding the Indian country status of ANCSA lands, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the first sentence of Paragraph 41[a] also consist of Plaintiff's characterization of *Native Village of Stevens*, which speaks for itself and is the best evidence of its contents. To the extent that Plaintiff's characterization is inconsistent with *Native Village of Stevens*, Defendants deny the allegations. The allegations in the second and third sentences of Paragraph 41[a] consist of Plaintiff's argument and legal conclusions, as well as characterizations of the Sansonetti Opinion, to which no response is required. To the extent a response is required, Defendants deny the allegations. Federal Defendants aver that the Sansonetti Opinion does not opine on the jurisdictional status of lands acquired in trust for an Alaska tribe under Section 5 of the IRA. Federal Defendants admit the fourth sentence of Paragraph 41[a].

---

[2] Plaintiff's Complaint includes two consecutive paragraphs numbered "41." For the purposes of this Answer, Defendants have labeled the first of those paragraphs "41a" and the second "41b" to avoid rendering the numbering for the remainder of this Answer inconsistent with that of the Complaint.

*State of Alaska v. Newland et al.*                                      Case No. 3:23-cv-00007-SLG
Defendants' Answer to Plaintiff's Complaint

41b.    Federal Defendants admit the allegations in the first sentence of Paragraph 41[b]. The allegations in the second, third, and fourth sentences of Paragraph 41[b] consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. The second, third, and fourth sentences of Paragraph 41[b] also consist of Plaintiff's characterizations of the *Amendments to the Alaska Native Claims Settlement Act and the Alaska National Interest Lands Conservation Act and to Establish a Memorial in the District of Columbia*: *Hearings on S. 485, S. 1330, S. 2065, and S. 2370 Before the Subcommittee on Public Lands, Reserved Water and Resource Conservation of the Senate Committee on Energy and Natural Resources*, 99th Cong., 2d Sess. 165-66 (1986), which speaks for itself and is the best evidence of their contents. To the extent that Plaintiff's characterizations are inconsistent with the Subcommittee report, Defendants deny the allegations. The allegations in the remainder of Paragraph 41[b] consist of Plaintiff's characterizations of 43 U.S.C. § 1629e; 133 Cong. Rec.  H 11933 (Dec. 21, 1987) (House Explanatory Statement to P.L. 100-241) and 101 Stat. 1805 (February 3,1988), which speak for themselves and are the best evidence of their contents. To the extent that Plaintiff's characterizations are inconsistent with 43 U.S.C. § 1629e, the House Explanatory Statement to P.L. 100-241, or 101 Stat. 1805, Defendants deny the allegations.

42.    The allegations in the first sentence of Paragraph 42 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the first sentence

of Paragraph 42 also consist of Plaintiff's characterizations of Notice of Petition, Land Acquisitions, 60 Fed. Reg. 1,956 (Jan. 5, 1995) and Proposed Rule, Acquisition of Title to Land in Trust, 64 Fed. Reg. 17574, 17578 (Apr. 12, 1999). To the extent that Plaintiff's characterizations are inconsistent with the Notice of Petition or Proposed Rule, Defendants deny the allegations. The allegations in the second sentence of Paragraph 42 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the second sentence of Paragraph 42 also consist of Plaintiff's characterizations of Memorandum from John Leshy, Solicitor, to Assistant Secretary — Indian Affairs, *Rescinding the September 15, 1978, Opinion of the Associate Solicitor for Indian Affairs entitled 'Trust Land for the Natives of Venetie and Arctic Village'* (Jan. 16, 2001) ("Leshy Opinion"), which speaks for itself and is the best evidence of its contents. To the extent that Plaintiff's characterizations are inconsistent with the Leshy Opinion, Defendants deny the allegations.

43. Federal Defendants admit the allegations in the first sentence of Paragraph 43. The remaining allegations in Paragraph 43 consist of Plaintiff's characterization of Final Rule, Land Acquisitions in the State of Alaska, 79 Fed. Reg. 76,888 (Dec. 23, 2014) and *Akiachak Native Community v. U.S. Department of the Interior*, 827 F.3d 100, 102 (D.C. Cir. 2016). To the extent that Plaintiff's characterizations are inconsistent with the Final Rule or the Ninth Circuit's decision in *Akiachak*, Defendants deny the allegations.

*State of Alaska v. Newland et al.*                                                  Case No. 3:23-cv-00007-SLG
Defendants' Answer to Plaintiff's Complaint
Case 3:23-cv-00007-SLG   Document 5   Filed 04/03/23   Page 23 of 28

44. The allegations in Paragraph 44 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in Paragraph 44 further include Plaintiff's characterizations of five Solicitor Opinions, which speak for themselves and are the best evidence of their contents. To the extent that Plaintiff's characterizations are inconsistent with those Opinions, Defendants deny the allegations. Defendants further aver that none of the Opinions cited in Paragraph 44 conclude that Congress repealed the Secretary's IRA Section 5 authority to acquire land in trust in Alaska.

## V. The Central Council's Application

45. Defendants admit the allegations in the first and third in sentences of Paragraph 45. The allegation in the second sentence consists of Plaintiff's argument regarding five land-into-trust applications, on four of which Interior has not issued decisions, and which are outside the scope of the challenged decision. Accordingly, no response is required. To the extent a response is required, Defendants deny the allegation.

46. Defendants admit the allegations in the first sentence of Paragraph 46. The allegations in the second and third sentences of Paragraph 46 consist of Plaintiff's characterizations of comments submitted to the Secretary by the State, which speak for themselves and are the best evidence of their contents. To the extent that Plaintiff's characterizations are inconsistent with those comments, Defendants deny the allegations. The allegations in the fourth sentence of Paragraph 46 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required,

Defendants deny the allegations. Defendants aver that the Secretary has authority to acquire land into trust for tribes in Alaska.

47.     Defendants admit the allegations in the first sentence of Paragraph 47. The remaining allegations in Paragraph 47 consist of Plaintiff's arguments and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. The remaining allegations in Paragraph 47 also include Plaintiff's characterizations of the Anderson Opinion and the Supreme Court's decision in *Carcieri*, which speak for themselves and are the best evidence of their contents. To the extent that Plaintiff's characterizations are inconsistent with the Anderson Opinion or *Carcieri*, Defendants deny the allegations.

48.     The allegations in the first, second, and third sentences of Paragraph 48 consist of Plaintiff's characterization of 25 C.F.R. § 151.11(b), which speaks for itself and is the best evidence of its contents. To the extent that Plaintiff's characterization is inconsistent with § 151.11(b), Defendants deny the allegation. The allegations in the remainder of Paragraph 48 consist of Plaintiff's characterization of AS-IA Newland's November 17, 2022, decision to take the Parcel into trust and proclaim a reservation for the Tribe ("2022 Decision"), which speaks for itself and is the best evidence of its contents. To the extent that Plaintiff's characterizations are inconsistent with the 2022 Decision, Defendants deny the allegations. The allegations in the remainder of Paragraph 48 also consist of Plaintiff's arguments and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

49.     The allegations in Paragraph 49 consist of Plaintiff's characterization of the 2022 Decision, which speaks for itself and is the best evidence of its contents. To the extent that Plaintiff's characterizations are inconsistent with the 2022 Decision, Defendants deny the allegations. The allegations in Paragraph 49 also include Plaintiff's argument, to which no response is required. To the extent a response is required, Defendants deny the allegations.

50.     The allegations in Paragraph 50 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants aver that they provided a 30-day notice to the State of the request to proclaim a reservation for the Parcel and that the AS-IA intended to issue a reservation proclamation after the land was taken into trust.

51.     The allegations in Paragraph 51 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

## CAUSE OF ACTION

52.     Defendants incorporate by reference each of their responses to the allegations contained in Paragraphs 1 through 51 of this Answer.

53.     Defendants deny the allegations.

## PRAYER FOR RELIEF

The allegations set forth in Plaintiff's Prayer for Relief constitute Plaintiff's request for relief, to which no response is required. To the extent a response is required,

Defendants deny that Plaintiffs are entitled to the requested relief, including Paragraphs A through F, or any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed, for one or more claims, to state a claim upon which relief may be granted.

2. Defendants reserve the right to assert additional defenses, including affirmative defenses, which may be revealed subsequent to this filing.


DATED: April 3, 2023.

Respectfully submitted,


TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

/s/ *Charmayne G. Staloff*
CHARMAYNE G. STALOFF, Trial Attorney
Indian Resources Section
Environment and Natural Resources Division
United States Department of Justice

*Attorney for the United States*

OF COUNSEL:
Robert Hitchcock, Attorney-Advisor
Melissa Thaisz, Attorney-Advisor
Office of the Solicitor
U.S. Department of the Interior

27

**CERTIFICATE OF SERVICE**

 I, Charmayne G. Staloff, hereby certify that, on April 3, 2023, the foregoing DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT will be sent electronically to the registered parties as identified on the Notice of Electronic Filing.

_/s/ Charmayne G. Staloff_
CHARMAYNE G. STALOFF, Trial Attorney
Indian Resources Section
Environment and Natural Resources Division
United States Department of Justice
