TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
WILLIAM J. CRUM, Trial Attorney
CHARMAYNE G. STALOFF, Trial Attorney
Indian Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
Telephone: (202) 532-5563
Email: william.crum@usdoj.gov

*Attorneys for the United States*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| STATE OF ALASKA,<br><br>        Plaintiff,<br><br>    v.<br><br>BRYAN NEWLAND, in his official capacity as Assistant Secretary, Indian Affairs, U.S. Department of the Interior;<br>and U.S. DEPARTMENT OF THE INTERIOR<br><br>        Defendants,<br><br>    and<br><br>CENTRAL COUNCIL OF THE TLINGIT & HAIDA INDIAN TRIBES OF ALASKA,<br><br>        Intervenor-Defendant. | Case No. 3:23-cv-00007-SLG<br><br>**UNITED STATES' OPPOSITION TO THE STATE'S MOTION FOR LEAVE TO FILE A SURREPLY** |

*State of Alaska v. Newland et al.*                                Case No. 3:23-cv-00007-SLG
U.S. Opposition to the State's Motion for Leave to File a Surreply
Case 3:23-cv-00007-SLG    Document 34    Filed 03/05/24    Page 1 of 7

Pursuant to Alaska L. Civ. R. 7.1(a), Defendants Bryan Newland et al. ("United States") hereby oppose the State's Motion for Leave to File a Surreply ("Motion). *See* ECF-31. On February 1, 2024, the United States Department of the Interior ("Interior") issued Solicitor's Opinion M-37079, addressing tribal jurisdiction over Alaska Native allotments ("M-37079"). *See* ECF-30. On February 2, 2024, briefing in this case concluded. *See* ECF-29. On February 5, 2024, the United States filed a Notice of Supplemental Material to notify the Court of Interior's issuance of M-37079, noting that M-37079 is irrelevant to the disposition of this case. *See* ECF-30.

The State filed the pending Motion on February 20, 2024. The State says it "seeks a fair opportunity to respond to the new Solicitor's Opinion." ECF-31 at 4. But M-37079 is not a docketed filing to which the Federal or Local Rules contemplate, or allow, a response. The State suggests that its surreply constitutes a response to the United States' Notice of Supplemental Material, ECF-30. *See* ECF-31 at 2, 4. As such, it is untimely. The State contends that its surreply was "offered 14 days after service of Interior's Notice of Supplemental Material, the same period allowed for in an administrative appeal to file a reply." *Id.* at 4. But the applicable Local Rule expressly requires responses to supplemental Notices to be filed within 7—not 14—days of the Notice. Further, the State's surreply is overlength, as Alaska L. Civ. R. 7.1(d)(1) limits responses to 350 words.

Even if the State's surreply could be interpreted as responding to the Reply filed by the Central Council of the Tlingit & Haida Indian Tribes of Alaska ("Tribe"), ECF-29,

1

*State of Alaska v. Newland et al.* Case No. 3:23-cv-00007-SLG
U.S. Opposition to the State's Motion for Leave to File a Surreply

the State missed the 14-day period for summary judgment replies. *See* Alaska L. Civ. R. 16.3(c)(3) (governing the time for replies in administrative agency appeals). Because surreplies are not contemplated by the Federal or Local Rules, nor by the Scheduling Order in this case (ECF-22), Alaska L. Civ. R. 16.3(c)(3) should govern and limit the State's time to seek leave to file a surreply to 14 days from the date of service of the Tribe's reply. The State missed that deadline by four days. The Court can and should deny the Motion on those procedural grounds alone.

Even if the Court considers the merits of the Motion, the Court should nevertheless deny it. When deciding whether to grant leave to file a surreply, the Court should consider "whether the . . . proposed surreply would be helpful to the resolution of the pending motion." *TD Ameritrade, Inc. v. Matthews*, No. 3:16-cv-00136-SLG, 2019 U.S. Dist. LEXIS 191827, at *8 n.40 (quoting *Doe v. Exxon Mobil Corp.*, 69 F. Supp. 3d 75, 85 (D.D.C. 2014)). The State's proposed surreply does not meet this standard for at least three reasons.

First, the relevance of tribal jurisdiction over Alaska Native allotments is not a new matter to this case. *See McManus v. Aleutian Region Sch. Dist.*, No. 3:20-cv-00099-TMB, 2021 U.S. Dist. LEXIS 154384, at *11 n.56 (explaining that a party seeking leave to file a surreply "must . . . show that a [surreply] is necessary to address *new matters* raised in a reply to which a party would otherwise be unable to respond") (emphasis added). The State already raised this issue in prior briefing, and the United States and the Tribe have responded to it. *See* ECF-25 at 9, 28–30 (the State's arguments as to

*State of Alaska v. Newland et al.*                                  Case No. 3:23-cv-00007-SLG
U.S. Opposition to the State's Motion for Leave to File a Surreply
Case 3:23-cv-00007-SLG    Document 34    Filed 03/05/24    Page 3 of 7

relevance); ECF-28 at 13–14 (the United States'); ECF-29 at 7–8 (the Tribe's). The State now proposes to more than double the pages dedicated to this issue without offering a sufficient justification for doing so. *See* ECF-31-2.

Second, as the United States has explained in prior briefing, whether tribes in Alaska can exercise jurisdiction over Alaska Native allotments is irrelevant to the disposition of this case.[1] *See Matthews*, 2019 U.S. Dist. LEXIS 191827, at *8 (denying a party's motion for leave to file a surreply when "any new issues raised in [the opposing party's] reply [were] not directly related to the relief sought in its underlying motion"); *Cp Anchorage Hotel 2 v. Unite Here! Local 878*, No. 3:18-cv-00071-SLG, 2018 U.S. Dist. LEXIS 245095, at *1 n.1 (denying a party's motion for leave to file a surreply in part on the grounds that "the Court is not persuaded that [the issue raised in the proposed surreply] is relevant").

Third, additional briefing on the relevance of M-37079 is inappropriate in the context of this Administrative Procedure Act ("APA") suit. Consistent with the APA, the Court's review is limited to the only final agency action at issue in this case: the Decision for the Tribe. That review must be based on the administrative record the United States provided to the Court, "'not some new record made initially in the reviewing court.'" *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985) (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). *See also Alaska v. Fed. Subsistence Bd.*, No. 3:20-cv-00195-

---

[1] So, too, is any speculation on the State's part that Interior issued M-37079 in response to or in relation to any briefing in this matter.

3

*State of Alaska v. Newland et al.*  Case No. 3:23-cv-00007-SLG
U.S. Opposition to the State's Motion for Leave to File a Surreply
Case 3:23-cv-00007-SLG   Document 34   Filed 03/05/24   Page 4 of 7

SLG, 2021 U.S. Dist. LEXIS 253962, at *4 & n.6 (D. Alaska Aug. 24, 2021). The recently issued M-37079 is appropriately not within the Administrative Record for this case, as it was issued well after the Decision and thus could not have been relied on by Interior at the time. Nor would using the proposed surreply to challenge M-37079, *see* ECF-31-2 at 8–10, be appropriate. Even if M-Opinions were final agency actions subject to challenge, *see Ctr. for Biological Diversity v. U.S. BLM*, No. CV 17-8587-GW(ASx), 2019 U.S. Dist. LEXIS 110580, at *28–40 (C.D. Cal. June 20, 2019) (rejecting such an argument), it is not the action challenged here. Thus, briefing on M-37079 would be inappropriate and therefore not "helpful to the resolution" of this matter. *See Matthews*, 2019 U.S. Dist. LEXIS 191827, at *8 n.40.

In sum, a surreply is not necessary and would not help the Court resolve this case. Nor would it serve the interests of justice, judicial economy, or any other purpose. The Court should therefore deny the Motion. Alternatively, should the Court grant the Motion, the United States respectfully requests the opportunity to file a short reply to the State's surreply of no more than 2,500 words to address the State's arguments.

## CONCLUSION

For the foregoing reasons, the United States opposes the State's Motion for Leave to File a Surreply and respectfully requests that the Court deny that Motion or, in the alternative, permit the United States to file a reply to the surreply of up to 2,500 words.

DATED: March 5, 2024

4

*State of Alaska v. Newland et al.*                        Case No. 3:23-cv-00007-SLG
U.S. Opposition to the State's Motion for Leave to File a Surreply

Case 3:23-cv-00007-SLG    Document 34    Filed 03/05/24    Page 5 of 7

Respectfully submitted,

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

/s/ *William J. Crum*
WILLIAM J. CRUM, Trial Attorney
CHARMAYNE G. STALOFF, Trial Attorney
Indian Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044
TEL: (202) 532-5563
FAX: (202) 305-0275
Email: william.crum@usdoj.gov
*Attorneys for the United States*

OF COUNSEL:
Robert Hitchcock, Attorney-Advisor
Melissa Thaisz, Attorney-Advisor
Office of the Solicitor
U.S. Department of the Interior

5

*State of Alaska v. Newland et al.*  Case No. 3:23-cv-00007-SLG
U.S. Opposition to the State's Motion for Leave to File a Surreply
Case 3:23-cv-00007-SLG   Document 34   Filed 03/05/24   Page 6 of 7

## CERTIFICATE OF SERVICE

I, William J. Crum, hereby certify that, on March 5, 2024, the foregoing UNITED STATES' OPPOSITION TO THE STATE'S MOTION FOR LEAVE TO FILE A SURREPLY will be sent electronically to the registered parties as identified on the Notice of Electronic Filing.

/s/ *William J. Crum*
WILLIAM J. CRUM, Trial Attorney
Indian Resources Section
Environment and Natural Resources Division
United States Department of Justice

## CERTIFICATE OF WORD COUNT

I certify that this document complies with Alaska L. Civ. R. 7.4(a)(2) because it contains 1,109 words.

6
*State of Alaska v. Newland et al.*  Case No. 3:23-cv-00007-SLG
U.S. Opposition to the State's Motion for Leave to File a Surreply
Case 3:23-cv-00007-SLG   Document 34   Filed 03/05/24   Page 7 of 7